4-17-0143, People's Relationship, Tyra Hawkins. Appearing for repellent is Attorney Morris Anya. Is that how you pronounce your last name, sir? Yes, sir. Okay, thank you. And for the affiliates, Attorney Allison Brooks. Good morning to you both. Mr. Anya, are you ready to proceed? Yes, I am. You may. Thank you. Good morning, Your Honor. Good morning, Your Honor. May it please the Court. Your Honor, Tyra Hawkins' convictions for attempt armed robbery and aggravated battery were reversed by this Court for a number of reasons, the most primary of which is the fact that the Second Court of Champaign County did not have jurisdiction in our submission to try Ms. Hawkins. And I say that for two primary reasons. The first is that regardless of which statutory provision the juvenile court judge used to transfer this case over to the Second Court, whether it was the discretionary transfer statute, and that statute is 705 ILCS 405-5-8053, or whether it was the provision before that, the presumptive transfer statute, the Court was required by law to consider factors, not just consider them, enumerate them on the record, consider them individually, factors that are delineated in these respective statutes before issuing a transfer order. The Court in this case did not do that. The counsel, does that impact jurisdiction? Yes, Your Honor, because if I may, the Juvenile Court Act provides the exclusive jurisdiction for the trials of minors under the age of 18 at the time the offense is committed. And that's what we're dealing with. There has to be some statutory basis to move the case from juvenile court to adult court. And you must comply with both the statutory factors in these provisions I have mentioned, as well as non-statutory factors. You know, we cited the case of people v. Moore. There are non-statutory factors that our state's decision on law require that a court consider, pronounce on, and articulate the basis, if it's evaluation of this particular factor, before the case is transferred to adult court. Now, what about the fact that in this case, my understanding is that your client asked to be transferred to adult court, agreed to be transferred to adult court. Justice White, that is what the record displays. But when you look beneath what is on the surface of the record, what you find is that this is a 17-year-old who went against the advice of her counsel. It's a 17-year-old who went against the advice of her court-appointed guardian ad litem. And significantly, in the overall context of this transfer hearing, the judge did not advise this young lady of the range of penalties she could face in adult court for one of the two charges. I'm referring to the charge of aggravated battery. That was significant. And we say, if you don't tell the person the factual basis for one of the two charges against them, in this case, aggravated battery, which in the February 6, 2015 transfer hearing, the judge did not do. And if you don't tell the 17-year-old the range of penalties they stand to face in adult court, you cannot say that their waiver or consent to transfer was intelligently and knowingly given. Now, do you agree that the presumptive transfer applied at the time that your client was being prosecuted? I have read the state's brief, obviously, and I have no problems conceding that, given that my client's incident occurred in November of 2014, but the statute upon which she was tried took effect on January the 1st. Sorry, the statute I was referring to in my brief took effect on January the 1st, 2016, when she was tried under old law. At the end of the day, though, in Section B of those statutes, in Section B of the presumptive transfer statute, the judge was required to enunciate and pronounce regarding her analysis of these factors. This is what the Supreme Court's decision in People v. Clark means. It is what the case of People v. Moore requires. And when you look at the record, all the judge says on the record is that I've considered the respondent minus age, I have considered the factors I'm required to consider under the presumptive transfer statute, and I find that there is probable cause to transfer. Significantly as well, the defense stipulated to some facts, but not all of the facts. No witness was called at this transfer hearing. The defense stipulated, but with the proviso that two critical facts the defense was not stipulating to. How many of the three alleged assailants followed the young lady, the victim, from this Circle K supermarket or petrol station and essentially walked behind her before the incident? And how many of the three assailants struck the alleged victim or the victim with a baseball bat? The defense claims that its understanding of the facts were that there were two and not three involved. Those are critical. You have a partial stipulation to the facts. You have a 17-year-old going against the advice of counsel and against the advice of her guardian ad litem. You have the judge not telling the 17-year-old the range of penalties she's likely to face in adult court were she to continue in her persistence to go to adult court. The court doesn't tell the 17-year-old the facts associated with the aggravated battery charge. And we are saying to this court that that does not comply with the spirit and the letter of people be quiet, people be more, and the statute in question. Given that the defense counsel in this case at least acquiesced in some respects, joined in the idea of transferring this juvenile proceeding to adult court, are you arguing that this is plain error before us? Yes, and I would qualify that in this sense, Justice Steigman. Yes, the defense counsel acquiesced to what his client was saying, but with the proviso he stated on the record, and it's in my brief, that this was against his will. Well, the reason I mention this is this court has repeatedly pointed out that a plain error argument, plain error doctrine doesn't apply when we're dealing with defense counsel's acquiescence. You may still argue ineffective assistance, which you are doing, but not the plain error portion. Yes. I would make the distinction that the counsel who represented the defendant at the transfer hearing in juvenile court was not the same person that we claim ineffective assistance of counsel in our ground number three. Nonetheless, I take the court's point. I take your point. But I would say this, that the acquiescence of defense counsel was not manifest. When you look at the statement of defense counsel, defense counsel said that the client was going against their will. Do we have an objection made post-conviction? A motion filed raising this issue? No. Then it would be forfeited for that reason as well, and you'd have to be arguing plain error, would you? I am. Yes, Your Honor. And we have argued it in our brief. Well, but my point is, given the Dunlap and Bowen's case in this court, in which, quoting, we note that plain error analysis does not apply to this case. Plain error analysis applies to cases involving procedural default, not affirmative acquiescence, whereas here defense counsel affirmatively acquiesced to actions taken by a trial court. And so the challenge may be presented as a claim for ineffective assistance. Based upon what you're arguing here, are you asking us to overrule those prior decisions? No, but I'm asking the court to hone in on the second type of plain error, which involves a fundamental error, regardless of the closeness of the evidence, that impacts the impartiality of the process or the trial for my client, as well as challenges the integrity of the judicial process. That's the prong of the plain error doctrine I'm asking the court to focus on. So if it's a claim to be structural error, then the acquiescence doesn't apply? I would say that the Dunlap line of decisions would still stand, and yet a distinction could be made in circumstances where the error complained of is integral to the judicial process and its integrity. And that's what we are complaining about. You cannot have the inability or acquiescence of counsel and their ineffectiveness to override something that's fundamental to the judicial process and its integrity. And that's why there is this, as the court is well aware, there's this distinction between the types of plain errors. And that's what I'm asking the owners to focus on. It's the second prong of the plain error doctrine. It could still be read in consistency with Dunlap and its project. So now we have the transfer issue that I've addressed. We also have in this case the unusual situation where the circuit court usurps jurisdiction even before a transfer hearing is held. The information in this case was filed on December the 18th, 2015. There had not even been a transfer order entered in juvenile court. The juvenile court transfer hearing didn't take place until the next year. I apologize. It was in December of 2014, December 18, 2014. The state attorney files a two-count information in the circuit court of Champaign County against Ms. Hawkins while at the same time juvenile court petitions are pending for the same charges, the same facts and circumstances against Ms. Hawkins. Counsel, did any proceedings in criminal court actually take place prior to the transfer occurring? I mean, basically they filed it and let it sit. That's correct, Your Honor. But then nothing took place until the transfer had occurred. Is that right? That's correct, Justice White. So your argument is by merely filing it while there are pending juvenile proceedings, that's structural error? It is significant, Justice White, because at the time of filing, the indication is that the circuit court has jurisdiction. You don't file a court. It's void ab initio if the court does not have jurisdiction at the time of filing. That process of filing is significant because it impacts constitutional rights. It impacts our statutory rights. With the filing of an information comes certain statutory protections. And in this case, a related issue we've raised in a subsequent ground of appeal has to do with the preliminary hearing. So you have a situation where there's no transfer hearing. An information is filed. Ms. Hawkins is subject to the jurisdictions of two courts. Technically, an attorney could have gone to the circuit court of Champaign County with that filing and that case number and sought an audience with that court for some kind of pretrial subpoena. That could have happened, although it didn't, because the filing granted the court of Champaign County, or at least purported to grant it, jurisdiction. And then you have another filing in March, on March the 13th, 2015, where a third count is added to the charges in this case. So you have one set of charges that were filed in December of 2014. The count of attempt armed robbery filed in March of 2015, one of the counts upon which Ms. Hawkins' conviction is based. And in between those two filings, you have a transfer hearing that provides the order to transfer the case to other courts. This case has the facts and the procedural mechanisms backwards. It should be that the transfer order is entered first before the information grants jurisdiction to the circuit court. So those are the two primary bases why we say the circuit court did not have jurisdiction. The failure to comply with the presumptive transfer statute and the premature filing of the information in this case. We have raised the issue of ineffective assistance of counselors to the third ground of appeal in relation to the denial to Ms. Hawkins of a preliminary hearing. Counsel, I'm sorry. Can I go back just for a moment? With respect to your allegation, your argument that the trial court did not consider the necessary factors for the transfer, is it correct that the court did consider a guardian ad litem report and a report from the youth detention center in making that determination? And if yes, were those provided to this court in the record? No, they were not provided to this court in the record. And yes, the court does state that having considered the report of the guardian ad litem and the youth detention center report, taking all those into account, it found that transfer was proper. The problem with that is that the case law does not just require the court to say it considered it. The case law requires the record to demonstrate, to sufficiently demonstrate that the trial court pronounced on each and every factor. Pronounced. Not just recited them, but pronounced on each and every factor before this transfer is made. And the key reason for that, if you look beneath all these principles, is this greater need to balance the interest of society vis-a-vis the seriousness of the offense and the interest of the minor, the rehabilitative potential of the minor in question. And whether the amenability of juvenile court's jurisdiction would be in the best interest of this minor. That's why these factors are there. That's why the court has to pronounce on each and every of them. It's not something we do lightly in our society and just transfer a juvenile to adult court. And so, yes, the court mentioned them, but the court didn't pronounce and articulate its reasoning as to each of the factors. And I keep coming back to the fact that, of course, the minor against the advice of her counsel and the guardian ad litem insisted on being transferred to adult court. So let me ask you this. Let's assume that the court did pronounce on the factors as you indicate. The court did not. Let's assume the court did and that this information was filed after the transfer. What would your argument be then? Would you still argue that it was structural error for her to be transferred because it was done against the advice of her attorney? No, I would not. I would still argue, however, that for that consent to be knowingly and intelligently given, at a minimum, she had to have been told the maximum and minimum penalties for aggravated battery. She had to have been told the factual basis. I mean, these are basic requirements if someone is going to make an intelligent decision. And the court cannot ignore the fact of the age of this young person, which is always relevant in these types of proceedings. With respect to the issue of the preliminary hearing, we have raised the issue of ineffective assistance. The prior counsel, a privately retained counsel, filed a motion to dismiss on the basis that none of the charges was Ms. Hawkins, given the preliminary hearing. So all three charges that were before the court at the time, armed robbery, attempted armed robbery, aggravated battery, as of April 14, 2015, when this motion to dismiss was filed, she had not been given a preliminary hearing, despite the fact that Ms. Hawkins explicitly and her counsel explicitly requested one at the transfer hearing in February 2015. The court ignored their request, adopted the state's position that because they had stipulated to probable cause, a stipulation which I just pointed out was a partial stipulation, the court nonetheless said that that's a fact. Probable cause for a transfer hearing was sufficient for probable cause for a preliminary hearing, despite the qualitative difference between the two. Mr. Cross filed this motion. The motion stayed pending. Mr. Cross withdrew from the case in September 2015. In October 2015, the Office of the Public Defender of Champaign County was appointed to represent Ms. Hawkins. A new public defender took over the case, and in December of 2015, that public defender, having reviewed the transfer hearing transcript and having understood clearly that the minor, her client, wanted and requested a preliminary hearing, that public defender decided to file a motion or make an oral motion to strike the motion that the prior counsel had filed requesting a preliminary hearing. We say that that was ineffective assistance of counsel. So she did receive a preliminary hearing on Counts 1 and 2, is that right? No, Your Honor, she did not. Ms. Hawkins never received a preliminary hearing because trial counsel withdrew. The public defender withdrew the motion that had been filed in April of 2015 by prior counsel. Okay, so no preliminary hearing on any count? None, on any count. And there's an additional point when you consider the totality of the issues we've raised. On the third count that was added in March of 2015, it was not until the defense's motions were being considered, not until October of 2015, that Ms. Hawkins was arraigned on the third charge, a charge she stands convicted of now. So you have no preliminary hearing on any of the charges because the public defender withdrew private counsel's motion. I thought that was withdrawing the private counsel's motion as to Count 3. No, Your Honor. The private counsel filed a motion on April 14, 2015. That motion reflected all the charges that were pre-filled against Ms. Hawkins. Well, for purposes of preliminary hearing, we're just supposed to decide whether or not there's probable cause to believe that the crime was committed and the accused committed the crime. The court, in conducting the transfer hearing, had conducted a probable cause determination and made that finding, did it not? We say that qualitatively there is a distinction between the probable cause and the transfer hearing because the Juvenile Court Act specifically prescribes the purview of that probable cause consideration vis-a-vis the probable cause consideration for a normal preliminary hearing. And there is case law You're suggesting the probable cause determination for a preliminary hearing is greater? No, I am not. I'm just saying they are qualitatively different. Well, the answer is, or at least my point is, that it was conducted, probable cause hearing is conducted as part of the transfer proceeding and the trial court made a finding that there was probable cause. But, yes, that is correct. And then minutes later, after the transfer proceeding was over, didn't the court say, well, in view of the finding I made, I don't need to conduct a preliminary hearing? Well, the court inquired of my client still, would you like a preliminary hearing? And the court specifically requested a preliminary hearing. The probable cause determination at the transfer hearing was based on a partial stipulation. No witnesses were called. A witness had appeared that morning to testify as to probable cause. And once they heard that Ms. Hawkins was consenting to transfer, that witness was sent away, I believe a police officer. And then you have defense counsel stipulating only as to partial facts. So the probable cause determination at the transfer hearing is based on a stipulation to facts that are partial, that the defense does not wholeheartedly agree to. The trial court conducted a hearing and found probable cause to believe that your client committed this offense. That's all that your client would be entitled to in a preliminary hearing as well, would it not? Yes, but the manner in which we've spoken about the manner in which it was conducted at the, would you allow me? Mr. Anya, you're out of time, but you'll have time in rebuttal. Thank you, I'm grateful. Thank you. Ms. Brooks. Good morning, Your Honors. I'm Alison Page Brooks. I'm here on behalf of the people. May I please the court and counsel? Ms. Brooks, I'm sorry to interrupt you, but okay, I think I've got this straight now. So the preliminary hearing as to counts one and two took place basically in conjunction with the transfer hearing as part of the transfer hearing. Is that right? My understanding is there was no preliminary hearing actually held in terms of what constitutes an actual preliminary hearing on the charges. What was held was a transfer hearing in the juvenile court case. When they got to the criminal case, one of the attorneys that had represented her at a time had filed a motion to dismiss for failure to have held a timely preliminary hearing. Of course, preliminary hearing couldn't have been timely in this case because it was more than 30 days after she was taken into custody by the time the transfer hearing was actually held. So she couldn't even possibly receive the timely preliminary hearing under the constitutional requirement of Article I, Section 7. The state's position is, and the record does not necessarily, it does not reflect this because no transcript or record, common law record of the juvenile court proceeding appears in this record on appeal. But because they're essentially claiming ineffective assistance of counsel, there has to be an adequate record to resolve an issue of ineffective assistance of counsel. This Court cannot reverse on the ground of ineffective assistance without an adequate record to do so. And because part of the record that would be necessary to resolve this question is the juvenile court proceedings in which... The transfer proceedings? No, the actual juvenile court proceedings because when the minor is taken into custody and held in detention, there must have been or should have been a detention hearing at which one of the primary issues is their probable cause to believe that the minor is a delinquent minor. Which means the probable cause to believe the minor committed the offenses charged in the state's petition to adjudicate her as a delinquent minor. Which we don't have here either. Which we do not. But essentially we cannot reverse on the ground of ineffective assistance if we don't have a complete record to resolve the issue. So if the public defender who withdrew the motion to dismiss thought, as a matter of strategy, this is only going to delay the case and if delay is not good for the defendant, for example, that's something we don't know about either. What was the strategic reasoning? Because the only statutory remedy is a temporary dismissal because it's dismissal without prejudice and essentially the same charge can be immediately refiled. So there's no... So the remedy would have been to have it dismissed and the state still can just file it again. Right. And essentially that also means the defendant automatically loses her argument here because there's no Strickland prejudice. Failure for the trial counsel to have achieved a temporary dismissal does not affect the outcome of the trial. Therefore, it does not constitute Strickland prejudice. It's not a basis for reversing the charges or giving her a new trial. Do you agree that at the transfer hearing the judge did make a determination as to whether or not there was probable cause? That the minor committed the offense? Yes. I'm not sure if that's completely accurate. I'm not sure if that's part of the transfer. I don't remember. I guess I would say I do not remember if the allegation of the minor committing offense or probable cause is an element of the state's transfer petition. I'm not sure if that's the case under the statute or either in the record. But so essentially even if they are qualitatively different as the defendant maintains, the state's position is that the probable cause finding at the detention hearing would not be qualitatively different from what would be required under the Constitution, Article I, Section 7. And if that is the case for a minor who is initially charged and detained under a juvenile delinquency petition and then transferred to adult court and cannot therefore receive a transfer hearing for more than 30 days, therefore essentially this type of case can never be dismissed on the grounds of failure to provide a, quote, timely preliminary hearing in criminal court. So it's not necessary to dismiss a case for failure to hold a preliminary hearing. And there are some cases where I found that that's not necessary to even have dismissed it. And even if it were necessary to the defense's opening brief did rely on the amendment, which did not take effect until after this minor was taken into custody. Therefore, it's not retroactive. And the presumptive transfer statute that initially applied required a minor 15 years or older who was charged with a Class X felony other than armed violence, of which this was the case because my understanding of the delinquency petition is it charged armed robbery, which is the Class X felony other than armed violence, and the minor was at least 15. So therefore the presumptive transfer statute, in effect at that time, did apply. Now, the defendant's argument, and I'm not sure if this is entirely clear in the brief, is being raised in the brief, is that the transfer decision should be subject to reversal, I think his argument is, because the trial court failed to consider and articulate the factors under a discretionary transfer, can subject that to reversal. I do not believe, and I'm not aware, I do not believe that the defendant has cited a case of presumptive transfer involving a reversal of a judgment entered after a presumptive transfer on the ground that the trial court failed, the juvenile court,  to consider and articulate all factors, or I'm not aware of any such case. So essentially, without that having specifically been briefed, or myself having researched that question, and I'm not sure if this court is aware of any such case, reversing a presumptive transfer case or failing to consider and articulate factors. Essentially, the way a presumption works is that if it is not rebutted, it stands as prima facie evidence. In this situation, the presumption is completely not rebutted. In fact, the minor agreed to the motion and joined in it. So therefore, the presumption itself is the basis, because it's not rebutted, it is the basis for the transfer itself. So therefore, the reasons, if cases like Moore involved a discretionary transfer, and I'm not entirely sure, but if it does, then that would be distinguishable, because that deals with the requirements for what is necessary, the articulation and consideration of those factors is necessary to support a discretionary transfer. And there has to be some sort of case, if this is being raised as a matter of plain error, for example, there has to be some sort of precedent or case that makes this a clear or obvious error. There has to be some precedent that shows that in a subsection B presumptive transfer case, that consideration or articulation of factors is required or it can be reversed. So I'm not sure if that authority exists. So, and also, even if it were plain error, it's invited error. And the defendant's reason for why it should not be considered invited error is because the minor's waiver was invalid, because it wasn't knowing, or because she wasn't admonished about charges. I understand, I believe that there was the criminal court charge, the information that did include an aggravated battery charge, but what was before the juvenile court was a petition for adjudication, and we don't have that again. There is a mention in the record that it did include, I think, that it did include a reference to an allegation of armed robbery, because that's why it's presumptive transfer, because it was a class X felony. I'm not sure that any aggravated battery charge was included within that juvenile adjudication petition, so therefore, how would the, my point is, the juvenile court would have had a reason if it didn't know about the information filed in a different case. What's before that judge is the juvenile case, and if that petition that's before that judge in the juvenile case does not allege the offense of aggravated battery, then there's no basis for that judge to have admonished the defendant or the minor about the crime and penalties, for example, for aggravated battery if that's not in the juvenile petition. Of course, we have this other situation where it was in the adult petition, which may have already been filed at the, it was filed, in fact, before the date of the transfer hearing. I'm not sure, though, the juvenile judge knew that, so there wouldn't be any basis to admonish the minor about petitions, about charges which were not included in the juvenile petition. So basically, you're saying because the juvenile petition contained an allegation that required presumptive transfer, and we don't know whether or not the juvenile judge who I think of hanging Chad, but this information hanging out there that had been filed, that we can't establish any requirement to admonish as to the possible penalties. Right, and also the fact that they're seeking reversal on this ground. The armed robbery charge was more serious than aggravated battery, so she was admonished about the penalties pertaining to armed robbery, the failure, the incomplete admonishment, for example, about a lesser charge penalties that attach to a lesser charge wouldn't be prejudicial, because she was already admonished about the extent of the penalties for the more serious Class X armed robbery charge. So, with respect to the issue of jurisdiction, the word jurisdiction, I believe, does, the exclusive jurisdiction statute, it uses the word jurisdiction, but we want to be clear about what is meant by jurisdiction. Subject matter jurisdiction is a matter of constitutional law, not respect to statutory law, so the limitation on exercise of jurisdiction in Section 5-20 of the Juvenile Court Act does not constrain the criminal court's exercise of jurisdiction on what provides jurisdiction is the existence of a controversy that can be adjudicated by a court, and a criminal charge alleging that a person committed an offense under the criminal code is a controversy that can be adjudicated, and therefore, under the Constitution of the State of Illinois, confers jurisdiction on the circuit court to hear that case. Now, the circuit court in Illinois is a unified circuit court. It is vested with jurisdiction by the Constitution, and the distinction as to where a case is heard in either juvenile or criminal court is simply a matter of procedure. So, therefore, this is not really a jurisdictional question. This is a matter of procedure. Now, of course, this is also a direct appeal, so the defendant can obtain reversal without relying on exceptions to procedural bars, for example, which, obviously, if a court lacks subject matter jurisdiction, the judgment will be void, have an issue, and can be challenged at any time and in any court. I'm not sure that, I mean, that is not necessary here for the defendant to win if it's a direct appeal because there's fewer procedural bars on direct appeal. However, the Jones case shows that this is not necessarily reversible error. The Jones case dealt with the return of an indictment before the transfer decision was made by the juvenile court. Well, the reason why that can become a problem is because part of the factors at the time there was only discretionary transfer, part of the factors that the judge has to consider in the discretionary factor case was the probability of being indicted, for example, I think was one of the factors. Well, if the person is already indicted, that might influence the judge's discretionary transfer decision. That is why that could be a problem, but Jones said that was not a particular reversible error in that case. So it's not an automatic reversible error because Jones was not reversed. So it's not second-pronged plain error because every second-pronged plain error case will be reversed because it's automatic. It's structural error. And in this case, Jones basically establishes it's not structural error because it was not reversed in that situation. And also distinguishable, we have a presumptive transfer standard in this case. So the likelihood of an indictment, for example, and also the statutory factors have changed since the time of Jones. Essentially, whether the defendant would be charged by information or not is not relevant to the transfer decision. And therefore, the fact that the transfer decision came after the charge, that means the transfer decision was not affected by that charge. That would be the basis of reversal under Jones, essentially. If the transfer decision had been affected by the fact that the defendant was already indicted or charged in criminal court, that did not happen here and could not have happened here. So therefore, the concern of that situation that would make it a quote, error, is not present here. So for those reasons, unless this Court has other questions with respect to the arguments on plain error argument that counsel was making. Specifically, could you repeat that again for me? Where as here, there's acquiescence by defense counsel with the alleged improper procedure that an argument based on plain error doctrine can't be raised. Right. And essentially here, the acquiescence was by the defendant herself, not necessarily by her attorney who was objecting to what her defendant personally wanted to do. So I'm not sure if that rule directly applies fully because of the objections that were stated by the defense counsel that this was against his advice. I'm not sure that the defendant personally gets to choose. I mean, there's several, there's like four or five things that a defendant can personally decide in a case. And the transfer decision, I'm not sure is one of them, but it was accepted in this case on that basis. Okay. But essentially, I guess my point is the defendant cites her age, young age, is the reason why we have to be careful in accepting waivers. And the state understands that, but I think it's also been recognized. I'm not sure there's any case cited in these briefs, but I believe it would be the law that a defendant can waive the protection of juvenile court. And that's what this defendant obviously decided that she wanted to do, and that decision should be respected. So for those reasons, I would request this Court to affirm the conviction and sentence. Thank you. All right. Thank you. Mr. Anya Rebuttal. Yes, sir. May it please the Court. Your Honor, the issue of whether or not trial counsel, the public defender, is ineffective vis-a-vis filing a motion to strike, the motion to dismiss for the failure to give a preliminary hearing, has been raised by counsel in the sense that the suggestion is that the record is inadequate to pronounce on counsel's ineffectiveness because it doesn't have any record of further proceedings in juvenile court. For example, the detention hearing in juvenile court where there was probable cause to detain. We have cited in our brief on page 49, P.O.V.J.E., a juvenile court case, and that case stands for the proposition that there is a difference between probable cause at the detention hearing versus probable cause at the preliminary hearing, the precise issue that has been raised and made a point of by counsel. That court found reversible error because the requirement for a preliminary hearing was found to be vitiated because there was a detention hearing where probable cause was found. It's on page 49 in our brief. And that harkens back to my prior argument that there are qualitative differences, although we use the... It is on page 49, and I will... It's the first district. It's a 1996 case. Why should we follow it? You don't have to. Well, but why should we? I mean, probable cause is the same standard. I've been around this a long time. I understand this qualitative difference. I was a trial judge for a long time, too, and if you're a trial judge, the issue essentially is the same. Is there probable cause to believe two things? One, the crime was committed, and two, this accused did it. Now, if you make that determination in juvenile court, how is it a different determination you're making at a preliminary hearing? Most often in detention hearings, you don't have, as defense counsel, the ability to cross-examine a witness. It's all done by proffer. In most preliminary hearings, as in this case, a witness was waiting to testify. You have someone testifying to the facts under oath, subject to cross-examination by defense counsel. In most detention hearings, guillotine is considered, and issues about health and the sanity of the defendant, basic housekeeping matters are considered, but no witnesses are often called. It's all by proffer, by counsel, and you don't have the right to cross-examine. That's the one key difference, at least. Well, you do have the right to cross-examine if there are witnesses to be cross-examined, if you wish to. That's correct. But seldom, at least in my experience, seldom do you have, at detention hearings, witnesses called. If I may indulge the court, I would just point out that a preliminary hearing, the failure to have one, cannot be an infraction without a remedy. There ought to be some kind of remedy. If this argument holds... Isn't there a remedy that you can get it dismissed, but the State can refile? That's an important point. The State can refile, but there are cases where it is dismissed at the preliminary hearing stage and it's never refiled. It happens all the time. So there is no presumption that it will be refiled. All the time around the State, defendants prevail at preliminary hearings, and the State doesn't go either... No, actually, that is all the time in Cook County. It happens almost nowhere else, ever. I understand. Cook County is a different class of... But the point is that we are not certain that the State would have refiled. And had counsel pursued the motion further, I think the defendant would have prevailed on the motion, given the circumstances. Thank you, Jonathan. I'm grateful. Thank you both. The case will be taken under advisement and a written decision shall issue.